## Case No. 2,124.

### BULLENE v. BLAIN.

[6 Biss. 22.][1]

Circuit Court, N. D. Illinois. Feb. 1874.

BANKRUPTCY—COMPROMISE—DURESS—NOTE GIVEN UNDER PRESSURE — A SECRET AGREEMENT — EQUALITY IN COMPROMISE SETTLEMENTS.

1. A note given to the agent of a creditor, under the threat of interference to defeat a proposed compromise, is void in the hands of the payee.

2. To pay one creditor or his agent a larger sum than was to be paid others, as a condition of accepting the compromise, is void, and if the creditor's agent was specially retained by the debtor to urge the compromise, any promise to pay the agent for such services is void.

3. It is the policy of the law to discourage all acts whereby one creditor obtains any advantage in the distribution of a debtor's estate, and if the agent of a creditor is authorized to accept compensation from debtors for securing compromises, in which compensation the creditor upon certain conditions was to share, no contract between the agent and the debtor for such compensation should be enforced.

At law. This was an action of assumpsit [by John Bullene against Celestin Blain] on a promissory note for five hundred dollars made by the defendant, dated on the 23d day of January, 1872, payable to plaintiff in one year from date. [Verdict for defendant.]

Plaintiff introduced the note and rested. Defendant offered evidence tending to show that in the early part of January, 1872, he was a merchant having stores in Chicago, Kankakee, and St. Anne; that he became insolvent, and proceedings in bankruptcy were commenced against him in the district court of this district; that plaintiff was traveling collector for the firm of Peake, Opdyke & Co., of New York City, who were creditors of defendant to the amount of upwards of $4,000; that defendant proposed to compromise with his creditors at forty cents on the dollar, giving time paper secured by an indorser; that plaintiff, as agent of Peake, Opdyke & Co., called on him, and after fully examining into his affairs, told defendant that if he would offer fifty per cent. he would advise his firm and other creditors to accept his proposition; that defendant accordingly offered fifty per cent., and after all the Chicago creditors had signed the composition deed, and it was either sent or about to be sent to New York for the signatures of creditors, the plaintiff told defendant he must pay him $500, or he would prevent his firm from signing; that he had only to telegraph the word "fraud" to his firm and it would stop all the New York creditors from signing; that, having no money, defendant gave the note in question, taking a receipt or stipulation from plaintiff, that the note should not be binding unless the compromise was effected at fifty per cent.; that a Mr. Colby, who represented

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

certain Chicago creditors, took the active charge of the compromise, and was mainly instrumental in obtaining the consent of creditors to it, for which he claimed no compensation. Plaintiff then offered evidence tending to show that the note was given to compensate plaintiff for his services and influence in obtaining the compromise, and that no threats of preventing the compromise unless the note was given were made by him; that he spent much time in explaining the state of defendant's affairs to Chicago creditors; that he urged the compromise as a proper measure for the interest of all creditors, but did not disclose to the creditors he saw on the subject the fact that he was acting in defendant's interest, or was to receive any compensation from defendant in case the compromise was effected; that by the contract between plaintiff and his employers he had the right to assist debtors of the house in making compromises, for which he might receive pay, but the firm had the right, upon certain terms which he did not state, to the pay he so received, or a share of it; that when he took hold of the matter for defendant he promised to pay him $1,500, if compromise was obtained, but after plaintiff insisted on his paying fifty per cent., defendant thought he ought not to pay over $500. Plaintiff also introduced a letter from defendant to plaintiff, written after the note was due, stating in substance that plaintiff ought not to urge payment immediately, because it was through plaintiff's "kind advice" that defendant had been compelled to pay fifty per cent. where he ought not to have paid over forty per cent.

Bentley, Swett & Quigg, for plaintiff.
Frederic Ullmann, for defendant.

BLODGETT, District Judge, charged the jury:

1. That if they believed from the evidence that the note was obtained from defendant by the threat of plaintiff to interfere and defeat defendant's proposed compromise unless defendant would give plaintiff this note as a bonus to him, then said note was void in the hands of plaintiff as against defendant.

2. That, it being conceded by the counsel for plaintiff that a secret agreement to pay Peake, Opdyke & Co., a larger sum than was to be paid other creditors, as a condition of their accepting the compromise, would be void, the same principle should apply to their agent; and that, if they believed from the evidence that it was expected or understood between plaintiff and defendant, that plaintiff was not to disclose to other creditors the fact that he was specially retained by defendant, but was to urge the compromise on the ground of the general interest of all the creditors, and that it was all defendant was able to pay, and thereby give other creditors to understand that he was only acting in the interest of creditors, any promise by defendant to pay plaintiff for such services would be void, because of its tendency to mislead other creditors.

3. That it is the policy of the law to discourage all acts whereby one creditor obtains any advantage over another in the distribution of a debtor's assets; that if they believed plaintiff was, by his agreement with his firm, authorized to accept compensation from debtors for securing compromises in which the firm, upon certain conditions, were to share, the result of such an arrangement might be to give his firm an undue preference and advantage over other creditors, and no contract to that end between plaintiff and a debtor should be enforced in a court of justice.

Verdict for defendant.

NOTE [from original report]. In a recent case (Armstrong v. Mechanics' Nat. Bank of Chicago [Case No. 545], March, 1876) Blodgett, J., ruled that, nevertheless, the debtor could not avoid the secret agreement to pay one creditor a larger sum than others, if the compromise or settlement were obtained by misrepresentations or fraud.